# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AUSTIN JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILIATION,<br><br>  Defendant. | 1:13-cv-00661-BAM (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 14) |

   Plaintiff Robert Austin Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to the jurisdiction of the Magistrate Judge.  (ECF No. 13.)

   Plaintiff initiated this action on March 1, 2013, by sending a letter to the Northern District of California.  The letter concerned medical care Plaintiff received at Sierra Conservation Center in Jamestown, California.  (ECF No. 1.)  Plaintiff also filed supplemental information and briefing in support of his letter on April 5, 2013.  (ECF No. 6.)  The matter was transferred to this Court on May 7, 2013.  (ECF No. 9.)

   On June 12, 2014, the Court found that Plaintiff's letter and supplemental briefing did not meet the requirements set forth in the Federal Rules of Civil Procedure and declined to construe them as a complaint.  As a result, the Court directed the Clerk's Office to send Plaintiff a civil

1  rights complaint form and ordered Plaintiff to fill out the form and submit it to the Court within
2  thirty (30) days.  (ECF No. 14.)  On July 14, 2014, Plaintiff submitted a motion to proceed in
3  forma pauperis, but he did not submit a civil rights complaint form in compliance with the
4  Court's order.  (ECF No. 15.)

5  Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with
6  any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .
7  within the inherent power of the Court."  District courts have the inherent power to control their
8  dockets and "[i]n the exercise of that power they may impose sanctions including, where
9  appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A
10 court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
11 failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran,
12 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
13 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
14 requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th
15 Cir. 1987) (dismissal for failure to comply with court order).

16 In determining whether to dismiss an action, the Court must consider several factors: (1)
17 the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
18 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
19 cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779
20 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

21 The Court finds that the public's interest in expeditiously resolving this litigation and the
22 Court's interest in managing the docket weigh in favor of dismissal.  This action has been
23 pending since March 1, 2013.  Plaintiff has made no attempt to comply with the Court's June
24 2014 order.  The Court cannot hold this case in abeyance awaiting such compliance by Plaintiff.
25 The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a
26 presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
27 Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy
28 favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of

1 dismissal discussed herein.  Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424.  The Court's order issued on June 12, 2014, expressly stated "The failure to comply with this order may result in dismissal of this action for failure to obey a court order." (ECF No. 14, p. 2.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's order.

For the reasons stated above, this action is DISMISSED based on Plaintiff's failure to obey the Court's order of June 12, 2014.

IT IS SO ORDERED.

Dated: **July 29, 2014**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE